UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN FRASER,<br>　　　　Plaintiff,<br>　　v.<br>WELLS FARGO BANK, N.A., et al.,<br>　　　　Defendants. | Case No. 15-cv-00772-JD<br><br>**ORDER GRANTING MOTION TO REMAND**<br>Re: Dkt. No. 11 |

　　　　This is an employment action that was initially filed in California state court by plaintiff Colin Fraser against defendants Wells Fargo Bank, National Association and Wells Fargo Bank, Ltd., alleging causes of action for violation of the California Family Rights Act, wrongful termination in violation of public policy, racial discrimination and retaliation.  Dkt. No. 1-1.  Defendants removed the action to this Court on February 19, 2015, invoking the Court's diversity jurisdiction.  Dkt. No. 1.

　　　　Before the Court is plaintiff's motion for leave to amend complaint and to join defendant and motion to remand to state court.  Dkt. No. 11.  The Court finds the motion suitable for decision on the papers pursuant to Civil Local Rule 7-1(b), vacates the hearing that was set for April 29, 2015, and grants the motion.

**DISCUSSION**

　　　　Plaintiff seeks remand on the basis that diversity jurisdiction does not exist because "defendant Wells Fargo Bank, Ltd. is a California entity."  Dkt. No. 11-1 at 6.  In response, defendants do not dispute that Wells Fargo Bank, Ltd. is a California citizen, but they argue that its citizenship can be ignored for purposes of the jurisdictional inquiry because that entity is a "sham defendant."  Dkt. No. 12 at 4.  Defendants have submitted two single-page declarations in support of that argument.  One states that "Mr. Fraser was employed by Wells Fargo Bank, N.A.

from September 5, 2003 to May 24, 2012," and the other states that Wells Fargo Bank, N.A. and Wells Fargo Bank, Ltd. "are separate corporate entities that were established at different times and have different headquarters and principle [*sic*] places of business." Dkt. Nos. 12-1, 12-2.

As a preliminary matter, the removal statute is to be strictly construed against removal jurisdiction, and the party seeking removal bears the burden of establishing its propriety. *See*, *e.g.*, *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Furthermore, "any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

A key question here is whether Wells Fargo Bank, Ltd. can properly be considered a sham defendant. To show that the joinder was fraudulent, the burden is on defendants to establish that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In other words, "[t]he removing party must prove that 'there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.'" *Blazek v. ADESA California, LLC*, No. 09cv1509 BTM (BLM), 2009 WL 2905972, at *1 (S.D. Cal. Sept. 8, 2009) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)).

Defendants have failed to meet their heavy burden here. Although defendants argue that Wells Fargo Bank, Ltd. should be disregarded as a sham defendant because only Wells Fargo Bank, N.A. employed plaintiff, defendants themselves acknowledge that any of the following can be considered an "employer" for purposes of California law: "one who: (a) exercises control over the wages, hours or working conditions of an employee, (b) suffers or permits an employee to work, or (c) engages an employee, thereby creating a common law, or 'regular,' employment relationship." Dkt. No. 12 at 4 (citing *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010)). The two perfunctory declarations submitted by defendants hardly remove all possibility that any of these avenues could be found to apply here to Wells Fargo Bank, Ltd. Moreover, "there are several theories under which a corporate entity separate from the corporate entity that officially employs the plaintiff may be deemed the plaintiff's employer as well." *Blazek*, 2009 WL 2905972, at *2

2

1 (noting, for example, the "integrated enterprise" test under California law). Those theories, too, are left wide open by the materials submitted by defendants.

## CONCLUSION

There is simply no way the Court could conclude based on the record before it that there is no possibility that plaintiff can establish that Wells Fargo Bank, Ltd. is his employer. Under these circumstances, the Court cannot disregard that defendant as a "sham defendant." Defendants have not carried their burden of establishing that the Court has removal jurisdiction over this action. The Court consequently grants plaintiff's motion to remand on that basis, declines to reach the other arguments presented by the motion, and remands the action to the California Superior Court for the County of Contra Costa.

**IT IS SO ORDERED.**

Dated: April 28, 2015

_____
JAMES DONATO
United States District Judge